{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Luis Gonzales, appeals the decision of the Belmont County Court of Common Pleas sentencing him to serve the maximum prison sentence on his conviction for aggravated assault, a fourth degree felony. Although the issue raised by Gonzales is whether the trial court properly considered all relevant factors in R.C. 2929.12 when sentencing Gonzales to the maximum possible term of imprisonment, we conclude the trial court failed to make the findings mandated by R.C. 2929.14(C) on the record. Accordingly, we reverse the trial court's decision and remand this case for re-sentencing on that basis.
 {¶ 2} The Belmont County Grand Jury indicted Gonzales on a charge of felonious assault in violation of R.C. 2903.11(A)(1), a second degree felony. Apparently, while Gonzales was incarcerated, he called another inmate a snitch and struck him several times in the face. The victim fell to the ground and Gonzales began to kick him in the head. As a result of this attack, the victim suffered a concussion and a broken jaw that required three weeks of hospitalization. Gonzales was placed into solitary confinement for two and one half months as a result of the incident.
 {¶ 3} Gonzales entered into a plea agreement wherein he plead guilty to aggravated assault in violation of R.C. 2903.12(A), a fourth degree felony. In that agreement, the prosecution agreed to remain silent at sentencing. The trial court accepted the plea and, after a sentencing hearing, sentenced Gonzales to serve the maximum allowable term, eighteen months, with credit for time served.
 {¶ 4} Gonzales argues one assignment of error:
 {¶ 5} "The trial court erred and abused its discretion by imposing a maximum sentence without considering all the factors enumerated in Ohio Revised Code section 2929.12 and by not considering the in house punishment given to the defendant."
 {¶ 6} Gonzalez asks us to review the propriety of the trial court's findings when it imposed a maximum sentence, because it only considered some but not all of the factors contained in R.C. 2929.12. However, he does not argue the trial court's findings were insufficient to sentence him to the maximum term of imprisonment because it failed to make the findings required by R.C. 2929.14(C). Because we sua sponte conclude the trial court has failed to make those necessary findings, it is impossible for us to address Gonzales's argument regarding the propriety of those findings. Thus, we must reverse the trial court's decision and remand this case for re-sentencing.
 {¶ 7} We will reverse a sentencing order upon appeal if we clearly and convincingly find the evidence in the record does not support the trial court's findings or the sentence is otherwise contrary to law. R.C. 2953.08(G)(2). Clear and convincing is greater than a preponderance of the evidence but less than beyond a reasonable doubt, and produces a firm belief as to the proposition sought to be established. State v.Schiebel (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54.
 {¶ 8} When sentencing an offender, the trial court must consider several aspects of the sentencing statutes. First, the overriding purposes of felony sentencing must be followed, namely, to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.11(A). The trial court must bear in mind the need for "incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." Id. Further, the sentence must be both commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim and consistent with sentences imposed for similar crimes committed by similar offenders. R.C. 2929.11(B). When, as in this case, the offender has previously served a prison sentence, the trial court need not make findings in accordance with R.C. 2929.14(B) in order to impose more than the minimum sentence.
 {¶ 9} A trial court may impose a maximum prison term only when it finds on the record the offender committed the worst form of the offense, the offender has the greatest likelihood of committing future crimes, the offender is a major drug offender as defined by the statute, or the offender is a repeat violent offender as defined by statute. R.C.2929.14(C). The trial court must also give its reasons for imposing that maximum term. R.C. 2929.19(B)(2)(d). Although it would be preferable if the trial court stated the reasons why it was imposing the maximum sentence in the judgment entry imposing that sentence, if an appellate court can glean from other parts of the record those reasons it will not reverse the trial court's decision. State v. Williams (Dec. 21, 2001), 7th Dist. No. 00 CA 206, at 2.
 {¶ 10} In this case, the trial court sentenced Gonzales to the maximum sentence. However, it did not make the specific findings necessary to sentence Gonzales to the maximum pursuant to R.C. 2929.14(C) at either the sentencing hearing or in its judgment entry. Because we must remand this matter for re-sentencing on this basis, we cannot reach the merits of the error assigned by Gonzales.
 {¶ 11} For the foregoing reasons, we reverse the decision of the trial court and remand this matter for re-sentencing.
Vukovich, P.J., concurs.
Waite, J., concurs.